**Sonia Chiriboga RUIZ, Plaintiff,**

v.

**TRANSPORTES AEREOS MILITARES ECUADORIANOS, et al., Defendants.**

Civ. A. No. 84–2058.

United States District Court, District of Columbia.

Nov. 29, 1984.

Craig Dean Katz, Washington, D.C., for plaintiff.

Thomas J. Whalen, Cynthia J. Larsen, and Evelyn D. Sahr, Condon & Forsyth, Washington, D.C., for defendants.

## ORDER

CHARLES R. RICHEY, District Judge.

Before the Court is defendants' Motion for a Protective Order, opposition thereto, and supplemental memoranda. For the reasons stated below, the Court denies the Motion.

The defendants in this case assert that they are "foreign states" as that term is defined in the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603(a). They claim that they are immune from suit in the United States, and have moved to dismiss the case. The Court, by Order of October 17, 1984, granted the plaintiff leave to conduct discovery before responding to the Motion to Dismiss. The Court's Order, however, limited that discovery "specifically to the questions of jurisdiction and venue raised in the defendant's motion." Pursuant to that Order, plaintiff submitted to the defendants Requests for Production of Documents which relate to the defendants' contacts with points throughout the United States, not merely the District of Columbia.

In the present motion, the defendants seek to limit those requests solely to documentation relating to the District of Columbia. The defendants state, in their memorandum in support of their Motion for a Protective Order, that "[q]uestions of jurisdiction over alien defendants are constitutionally required to be determined by examining the relations of the defendant, the litigation and the forum under traditional due process considerations ... [citations omitted]. The foregoing due process principle is not altered when jurisdiction is asserted pursuant to the provisions of the Foreign Sovereign Immunities Act." The defendants cite *Texas Trading & Milling Corp. v. Federal Republic of Nigeria*, 647 F.2d 300 (2d Cir.1981), *cert. denied*, 454 U.S. 1148, 102 S.Ct. 1012, 71 L.Ed.2d 301 (1982).

The Court agrees with the defendant that the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq.*, did not abrogate the constitutional requirements of personal jurisdiction. There must be sufficient contacts between the defendant and the forum. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The question remains: What is the "forum" in cases involving foreign states? In *Texas Trad-*

*ing,* cited by the defendants, the Court squarely stated, "[s]ince service was made under § 1608 [of the Foreign Sovereign Immunities Act], the relevant area in delineating contacts is the entire United States, not merely New York." 647 F.2d at 314. In this case, as in *Texas Trading,* service was made under § 1608. Accordingly, the relevant contacts are those in the United States, not just the District of Columbia. Thus the requested documents are relevant insofar as they seek information about the defendants' contacts throughout the United States.

It is also noted that, assuming jurisdiction is proper in this Court, venue is also proper. *See* 28 U.S.C. § 1391(f)(4) ("A civil action against a foreign state as defined in section 1603(a) of this title may be brought —... in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof").

The defendants also claim that the requests are oppressive, in part because many of the documents are written in Spanish, not English. That concern is somewhat relieved by the plaintiff's statement that she "does not ask the defendant to translate" the requested documents.

Accordingly, it is, by the Court, this 29th day of November, 1984

ORDERED that defendants' Motion for a Protective Order be and the same is hereby denied.